DIST. TOWNSHIP OF WESLEY v. DIST. TOWNSHIP OF ALGONA.

1. **School Districts:** SETTLEMENT BETWEEN DISTRICT TOWNSHIPS. A warrant issued by one district township to another as the result of a settlement, by which the former was to receive certain delinquent taxes due upon the territory of the latter, is based upon sufficient consideration. The fact that the latter had collected and kept a portion of such taxes would not estop it to maintain an action upon the warrant, although it might constitute a counter-claim thereto.

*Appeal from Kossuth District Court.*

FRIDAY, OCTOBER 24.

ACTION upon a warrant or order for the sum of $1200, drawn by the defendant and payable to the plaintiff.

It is averred in the answer that prior to June, 1873, Township 98, Range 27, in Kossuth county, was embraced in the civil township of Algona, and that "on June 5, 1873, by a resolution of the board of supervisors of said county said township 98 was detached from the township of Algona, and annexed to the township of Wesley; that at that time there were no persons residing within said territory nor scholars therein to be provided with schools; that at the time of said annexation the total valuation of all the property in Algona township, including said township 98, was $486,674, and of said valuation the said territory comprised in township 98 was twelve and one-tenth per cent. The total valuation of school house property was $6,035. The amount of teachers' fund on hand, $5,463. Contingent fund, $1,276, and there were taxes due and delinquent on said territory amounting to $12,237." It is also averred that there were certain items of indebtedness of said district township amounting to some $800; that upon the foregoing facts there was claimed by plaintiff "from defendant on settlement and adjustment the sum of $2,122.58, and that on said basis defendant should be entitled to receive all the above mentioned taxes then due and unpaid on said territory; that in consideration of said premises defendant was induced to issue the said warrant set forth in plaintiff's petition; that there was no other or further consideration or inducement therefor; that there was, therefore, no consideration therefor."

In another division of the answer it is alleged that "whenever any of said delinquent taxes on said territory have been collected or received by the county treasurer the same have been taken, used, and appropriated by plaintiff without defendant's knowledge, and in no manner accounted for to defendant, and plaintiff is thereby estopped from enforcing said warrant against defendant." There was a demurrer to the answer, which was sustained. The defendant failing to plead over, a judgment was rendered for the plaintiff for the amount of the warrant and costs. Defendant appeals.

*George E. Clarke,* for appellant.

*A. L. Hudson,* for appellee.

Reynolds v. Morse.

ROTHROCK, J.—I. It appears by the answer that the warrant was the result of a settlement between the parties, the consideration being that the defendant should receive the taxes which were due and delinquent upon the territory which was detached from it. This was a sufficient consideration, and in the absence of fraud or mistake it cannot be questioned in an action upon the warrant.

II. The fact that the plaintiff has received some of the delinquent taxes does not work an estoppel. It might have been the proper subject for a counter-claim, but it is not so pleaded. The answer does not allege what amounts have been wrongfully collected. The demurrer was properly sustained.

AFFIRMED.